UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

CHRISTINE SERVANDO,                     :
                                        :
                Plaintiff,              :
                                        :
        v.                              :        Civil Action No.:
                                        :
ELTMAN, ELTMAN &COOPER, P.C.,           :    **14 CV      0260**
and LVNV FUNDING, LLC,                  :
                                        :
                Defendants.             :        JUDGE SEIBEL
                                        :
_____

**COMPLAINT**
(Jury Trial Demanded)

Plaintiff, Christine Servando ("Plaintiff"), brings this action to secure redress

against unlawful debt collection practices engaged in by defendants, Eltman, Eltman &

Cooper, P.C. ("EEC"), and LVNV Funding, LLC ("LVNV" and together with EEC

"Defendants") and alleges as follows:

**JURISDICTION AND VENUE**

1.      The Court has subject matter jurisdiction over this proceeding pursuant to

28 U.S.C. §§ 1331 and 1337, and 15 U.S.C. §1692k.

2.      Venue in this Court is proper because (a) Defendants transact business in

this venue, and (b) Defendants' debt collection activities to Plaintiff were conducted in

this venue.

**NATURE OF THIS ACTION**

3.      In this action Plaintiff seeks, among other things, statutory and actual

money damages against Defendants for, *inter alia*, violations of the federal Fair Debt

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

Collection Practices Act (15 U.S.C. § 1692 *et seq.* [hereinafter "FDCPA"]) and New York

General Business Law §349 ("§349" ).

## PARTIES

4.      Plaintiff is a natural person residing in Rockland County, State of New

York.

5.      Plaintiff is a consumer as that term is defined by §1692 (a)(3) of the

FDCPA, and according to Defendants, Plaintiff allegedly owed a debt as that term is

defined by 15 U.S.C. § 1692*a*(5).

6.      Upon information and belief, EEC is a law firm engaged in the collection

of debt in New York State, registered as a domestic professional corporation with the

New York Secretary of State, with its principal place of business at 140 Broadway, New

York, New York 10005.

7.      Upon information and belief, EEC is a debt collector, as defined pursuant

to 15 U.S.C. §1692a(6) and uses the mails to collect consumer debts in default which are

owed or due or alleged to be owed or due to others.

8.      Upon information and belief, LVNV is a Delaware limited liability

corporation engaged in the collection of debts in, among other places, the State of New

York, registered as a foreign business with the New York Secretary of State, with its

principal place of business at 625 Pilot Road, Suite 3, Las Vegas, Nevada 89119.

9.      Upon information and belief, LVNV is, among other things, a purchaser of

consumer debts which are in default at the time acquired.

10.      Upon information and belief, LVNV collects and attempts to collect

defaulted debts incurred, or alleged to have been incurred, for personal, family, or

household purposes, using the U.S. Mail, telephone, and Internet.

11.     In connection with its debt collection operations, LVNV routinely hires

lawyers and law firms such as EEC to file lawsuits and enforce judgments against

consumers in the State of New York.

12.     Upon information and belief, LVNV is a debt collector, as defined

pursuant to 15 U.S.C. §1692a(6) and uses the mails to collect consumer debts in default

which are owed or due or alleged to be owed or due to others.

## FACTS

### I.      The 1997 Debt Collection Law Suit

13.     Sometime prior to October 1997, Plaintiff allegedly incurred a financial

obligation (the "Alleged Debt") to non-party Sears Roebuck and Co. ("Sears).

14.     The Alleged Debt is alleged to have arisen out of a transaction in which

the money, property, insurance, or services which are the subject of the transaction were

primarily for personal, family, or household purposes and thus is a "debt" as defined by

15 U.S.C. §1692a(5).

15.     Unbeknownst to Plaintiff, in or about October 1997, Sears filed a debt

collection lawsuit relating to the Alleged Debt in the Supreme Court of the State of New

York, County of Rockland, proceeding under the caption *Sears Roebuck and Co. v.*

*Christine Servando*, Index No.: 7101/97 (the "Debt Collection Lawsuit").

16.     In the Debt Collection Lawsuit, Sears contended that the Alleged Debt

came into default.

17.     In support of its application for a default judgment, Sears submitted an

affidavit of service which falsely stated that service of process was completed on

November 8, 1997 by delivering copies of the Debt Collection Lawsuit summons and

3

complaint to a "John Servando" who claimed to be a relative of Plaintiff described as a white male, 36 – 50 years old, 161-200 lbs, 5,9"-6' tall.

18.     The affidavit of service submitted by Sears is false because, *inter alia*, no relative by the name of John and matching the description provided was living at Plaintiff's home.

19.     Despite the false proof of service submitted by Sears, unbeknownst to Plaintiff, a default judgment in the sum of $3,315.93 was entered in the Debt Collection Lawsuit on February 23, 1998 against Plaintiff and in favor of Sears (the "Judgment").

20.     Plaintiff first learned of the Judgment in or about March 29, 2013 when the Sheriff of Rockland County delivered to her notice that, in satisfaction of the Judgment then in the sum of $8,225.44, her wages would be garnisheed.

## II.     The Faulty Assignment

21.     New York Civil Practice Laws and Rules ("CPLR") Section 5019(c) provides in relevant part that "[a] person other than the party recovering a judgment who becomes entitled to enforce it, shall file in the office of the clerk of the court in which the judgment was entered or, in the case of a judgment of a court other than the supreme, county or a family court which has been docketed by the clerk of the county in which it was entered, in the office of such county clerk, *a copy of the instrument on which his authority is based, acknowledged in the form required to entitle a deed to be recorded, or, if his authority is based on a court order, a certified copy of the order.* Upon such filing the clerk shall make an appropriate entry on his docket of the judgment." (*See*, NY CPLR §5019(c) emphasis added).

4

22.     After March 29, 2013, Plaintiff learned that, presumably pursuant to CPLR 5019(c), an alleged attempt to assign the Judgment from Sears to LVNV had been made on or about August 20, 2012 (the "Faulty Assignment").

23.     In its attempt to complete the Faulty Assignment, upon information and belief, LVNV apparently filed an Affidavit and Assignment of Judgment with the Clerk of Court for Rockland County but failed to file a copy of the instrument on which its authority for the assignment was based, acknowledged in the form required to entitle a deed to be recorded.

24.     Upon information and belief, no effort was made to notify Plaintiff of the Faulty Assignment.

25.     For the foregoing reasons, upon information and belief, a valid assignment of Judgment does not exist.

**III.     EEC and LVNV's Judgment Enforcement Efforts**

26.     On or about March 27, 2013, EEC on behalf of LVNV, served the Rockland County Sheriff with an Income Execution pursuant to CPLR §5231 (the "Income Execution") directing, *inter alia*, that Plaintiff's wages be garnisheed.

27.     The Income Execution fails to identify LVNV, or anyone other than Sears, as the current creditor attempting to collect the Alleged Debt.

28.     On the signature line of the Income Execution, EEC simply identifies itself as "ATTORNEY FOR CREDITOR" but conveniently fails to identify who that creditor is.

29.     In fact, nowhere in the Income Execution is the name "LVNV Funding, LLC" or any derivation thereof stated.

30.     Due to the Faulty Assignment, the Income Execution falsely represents the character, amount and legal status of the Alleged Debt in violation of the FDCPA.

31.     Due to the Faulty Assignment, the Income Execution attempts to take action that could not legally be taken in violation of the FDCPA.

32.     By using the name "Sear Roebuck & Co." and not identifying that LVNV was in fact the entity collecting the Alleged Debt, the Income Execution falsely stated a business, company, or organization name other than LVNV's true name in violation of the FDCPA.

33.     Prior to EEC's efforts to enforce the Judgment on behalf of LVNV, Plaintiff did not receive notice that an attempted assignment of the Judgment had been made.

34.     After March 27, 2013, Plaintiff retained counsel to successfully dispute the Judgment and vitiate the Income Execution.  Such retention came at a monetary expense to Plaintiff thereby causing her actual damages pursuant to 15 U.S.C. § 1692k(a)(1).

35.     It was not until Plaintiff retained counsel that she learned that an attempt to assign the Judgment had been made.

36.     Upon information and belief, EEC authored and processed the Income Execution without conducting any meaningful review of Plaintiff's account information. In particular, the Income Execution bears the name and signature of an EEC attorney. However, upon information and belief, no EEC attorney reviewed the underlying legal file or consumer account before disseminating the Income Execution.

6

37.     Upon information and belief, the Income Execution is illustrative of a pattern and practice of Defendants disseminating, *en masse,* judgment enforcement devices produced by non-lawyers, at the instruction of non-lawyers and without meaningful lawyer review or supervision and without the application of any independent attorney judgment.

38.     In the instant case, the lack of any meaningful attorney review of the underlying legal file or consumer account resulted in the failure to identify the various legal inadequacies of the Faulty Assignment and LVNV's clear lack of legal standing to employ the Income Execution.

39.     Without a valid assignment of judgment, EEC and LVNV were not able to rely on the authority of the Rockland County Sheriff or the Rockland County Supreme Court to enforce the Judgment through, among other things, the use of the Income Execution.

40.     EEC and LVNV knew or should have known that Plaintiff had not been notified of the attempted assignment of the Judgment at the time EEC and LVNV took collection actions against Plaintiff.

41.     EEC and LVNV should have known that in the absence of notification to the consumer of a change in the identity of the creditor, EEC and LVNV were not able to rely on the authority of the Rockland County Sheriff or the Rockland County Supreme Court to enforce the Judgment on behalf of a purported judgment assignee through the use of the Income Execution.

42.     EEC and LVNV falsely represented in the Income Execution that they had the authority to enforce the Judgment entered in favor of Sears.

43.   EEC falsely represented in the Income Execution that it represented Sears because the Income Execution failed to identify that anyone other than Sears held ownership of the Judgment.

44.   Upon information and belief, EEC did not take any steps to review the files of Sears, LVNV, the Rockland County Supreme Court or the Rockland County Clerk to ensure that a proper and effective assignment of judgment had been made.

45.   Upon information and belief, EEC and LVNV's use of the Income Execution to enforce a Judgment on behalf of an alleged assignee (a) without EEC's knowing that an invalid assignment of judgment had been filed, (b) without any notification having been given to the Plaintiff of the Faulty Assignment, and (c) without taking steps to ensure that a valid and proper assignment of judgment had been filed are part of the business plan developed by EEC and LVNV whose high volume consumer debt buying and collection practices are more profitable by not conducting meaningful and effective pre-enforcement review of consumer files because the overwhelming majority of consumer debt collection judgments are enforced against *pro se* judgment debtors who are, as a practical matter, incapable of meaningfully challenging even the most inaccurate, false and deficient enforcement efforts.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FDCPA
### (15 U.S.C. § 1692 et. seq.)

46.   Plaintiff realleges and incorporates each of the above allegations as if fully set forth herein.

47.   A person who steps into the shoes of a judgment creditor must do so through a proper and effective written assignment of judgment in full compliance with

8

CPLR 5019(c). Absent such a written assignment, properly filed, the purported assignee has no legal entitlement to enforce the judgment.

48. The Faulty Assignment is ineffective and invalid for two reasons; firstly because Plaintiff was not given notice of the attempted assignment; and secondly, because Defendants failed to file a copy of the instrument on which their authority for the assignment was based, acknowledged in the form required to entitle a deed to be recorded.

49. EEC and LVNV's consumer debt collection actions detailed herein, including but not limited to service of the Income Execution included false representations, inasmuch as EEC and LVNV knew or should have known that the Faulty Assignment was ineffective and EEC and LVNV were therefore not legally entitled to take any steps to enforce the Judgment.

50. By taking consumer debt collection actions against Plaintiff, including but not limited the improper attempt to garnishee Plaintiff's wages, when not legally entitled to do so, EEC and LVNV violated the FDCPA in, *inter alia*, the following ways:

(a) 15 U.S.C. §1692e(2) in that they made false representations of the character, amount, or legal status of the Alleged Debt;

(b) 15 U.S.C. §1692e(3) by disseminating a communication relating to the Alleged Debt without conducting a meaningful review of underlying legal file or consumer account;

(c) 15 U.S.C. §1692e(5) in that they threatened, or by extension took, action that cannot legally be taken;

(d) 15 U.S.C. §1692e(10) in that they made false representations and used deceptive means to collect or attempt to collect the Alleged Debt;

(e) 15 U.S.C. §1692e by otherwise using false, deceptive or misleading means to collect or attempt to collect the Alleged Debt;

        (f)      15 U.S.C. §1692f by otherwise using unfair or unconscionable means to collect or attempt to collect the Alleged Debt.

51.     Defendants served the Income Execution bearing the name and signature of an EEC affiliated attorney, but without any attorney reviewing the underlying file and account, and on information and belief, without reviewing the underling documents themselves.

52.     Upon information and belief, EEC's failure to conduct any meaningful review of the file prior to serving the Income Execution are part of the pattern and business practices of EEC and LVNV in which non-attorneys direct the consumer debt collection policies and procedures of EEC.

53.     EEC's failure to conduct any meaningful review of the file prior to serving the Income Execution resulted in the wrongful attempt to garnishee Plaintiff's wages. Such failure included, but was not limited to, failing to ascertain whether a proper valid and enforceable assignment of the Judgment had been made pursuant to CPLR §5019(c) and failing to review whether Plaintiff had been given actual notice of the Faulty Assignment.

54.     Rather, upon information and belief, EEC's review of Plaintiff's file, if any, was cursory and did not involve the exercise of independent attorney judgment.

55.     By taking consumer debt collection actions against Plaintiff, including but not limited to attempting to garnishee her wages, without conducting any meaningful attorney review of Plaintiff's consumer debt file, EEC and LVNV violated the FDCPA in, *inter alia*, the following ways:

        (a)      15 U.S.C. §1692e(3) by disseminating a communication relating to the Alleged Debt without conducting a meaningful review of underlying legal file or consumer account;

(b)    15 U.S.C. §1692e(10) in that they made false representations and used deceptive means to collect or attempt to collect the Alleged Debt;

(c)    15 U.S.C. §1692e by otherwise using false, deceptive or misleading means to collect or attempt to collect the Alleged Debt;

(d)    15 U.S.C. §1692f by otherwise using unfair or unconscionable means to collect or attempt to collect the Alleged Debt.

56.    By serving the Income Execution without disclosing the attempted assignment of the Judgment, Defendants failed to identify LVNV as the current creditor attempting to collect the Alleged Debt.

57.    By using and relying on the name of the original creditor, Sears, and not identifying that LVNV was in fact the entity on whose behalf EEC was collecting the Alleged Debt, the Income Execution falsely stated a business, company, or organization name other than LVNV's true name, Defendants violated the FDCPA in, *inter alia*, the following ways:

(a)    15 U.S.C. §1692e(2) in that they made false representations of the character, amount, or legal status of the Alleged Debt;

(b)    15 U.S.C. §1692e(5) in that they threatened, or by extension took, action that cannot legally be taken;

(c)    15 U.S.C. §1692e(10) in that they made false representations and used deceptive means to collect or attempt to collect the Alleged Debt;

(d)    15 U.S.C. §1692e(14) in that they used a business, company, or organization name other than the true name of LVNV;

(e)    15 U.S.C. §1692e by otherwise using false, deceptive or misleading means to collect or attempt to collect the Alleged Debt;

(f)    15 U.S.C. §1692f by otherwise using unfair or unconscionable means to collect or attempt to collect the Alleged Debt.

11

58.     As a result and consequence of Defendants' violations of the FDCPA alleged herein, Plaintiff has been injured and is thus entitled to an award of damages in accordance with the FDCPA.

**WHEREFORE**, Plaintiff seeks judgment in his favor and damages against Defendants, based on the following requested relief:

      (a)     Actual damages 15 U.S.C. § 1692k(a)(1);

      (b)     Statutory damages 15 U.S.C. § 1692k(a)(2);

      (c)     Costs and reasonable attorney's fees 15 U.S.C. § 1692k(a)(3);

      (d)     Such other and further relief as may be necessary, just and proper.

Dated: Nyack, New York
January 9, 2014

 

**THE LAW OFFICES OF**
**ROBERT J. NAHOUM, P.C.**
*Attorneys for Plaintiff*
*Christine Servando*

By: _____
     **ROBERT J. NAHOUM**
     **Attorney Id: RN4907**
99 Main Street, Suite 311
Nyack, NY 10960
(845) 450-2906
Telephone No.: (845) 450-2906
Facsimile No.: (888) 450-8640
Email: RJN@NahoumLaw.com